**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICKY LYNN HARNESS,**

        **Plaintiff,**

**-vs-**                                                **Case No.  6:12-cv-1554-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging that he became unable to work on March 30, 2007 (R. 16). The agency denied Plaintiff's applications initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 16-24). The Appeals Council declined to grant review (R. 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "panic disorder, depression, bipolar, insomnia" (R. 178).

*Summary of Evidence Before the ALJ*

Plaintiff was forty nine years old as of the onset date, with a tenth grade education and past relevant work as a warehouse worker (R. 22,182,179).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff and his mother, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of anxiety disorder and personality disorder (20 CFR 404.1520(c) and 416.920(c))(R. 18); and the record supports this uncontested finding. The ALJ determined that through the date of the decision (February 7, 2011), the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 19-20). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a range of medium work, noting that the claimant "is limited [to] jobs that require no interaction with the general public, no crowds, only occasional interaction with supervisors, and minimal interaction with coworkers." (R. 20). The ALJ determined that Plaintiff could not return to his past relevant work (R. 22); however, with the assistance of a vocational expert, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 23), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C.

§ 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises a single issue on review, contending that the ALJ committed reversible error by failing to give substantial weight to the opinions of the treating psychiatrist. The Court examines this objection in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from

doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff's objections go to the formulation of the RFC (steps two and three), where the burden of persuasion rested with Plaintiff.

*Weighing the Opinions of Treating Physicians*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Applied here, Plaintiff argues that the ALJ applied "little weight" to the opinions of the plaintiff's treating psychiatrist, Segundo Imbert, M.D., contained in the Mental Residual Functional Capacity Assessment (MRFC) Form that Plaintiff submitted at the hearing (R. 464-66). According to the form, which contains an illegible signature and no identifying information as to the identity of the person who completed it, boxes are checked which indicate that Plaintiff manifested marked limitations of functioning in areas of concentration, persistence and pace, along with adaption. The only information other than check marks placed on the MRFC form is a notation that Plaintiff had a Global Assessment Functioning (GAF) score of 65 (R. 466).

In her decision, the ALJ noted the form and stated:

As for the opinion evidence, the undersigned gives little weight to the Mental Residual Functional Assessment that the claimant submitted at the hearing. (Exhibit 19F.) The undersigned cannot determine from the document what doctor completed it and what, if any, treatment relationship the claimant had with the doctor who completed it. Further, the document is inconsistent. It indicates that the claimant is markedly impaired in several areas but gives the claimant a Global Assessment of Functioning (GAF) score of 65. That score suggests the claimant only has mild symptoms.

(R. 21).

Plaintiff contends this is error, as it was "clearly established" at hearing that the form was completed by Sergio Imbert, M.D., Plaintiff's treating psychiatrist (R. 62-64). The ALJ listed her

-5-

reasons for giving little weight to the exhibit, which are supported by substantial evidence. First, the ALJ noted that she could not determine *from the document* what doctor completed it. As the document contains no printed identification of the person who completed it and the signature is illegible, the comment is accurate, as far as it goes.[1] More importantly, however, the ALJ did not ignore the opinion, but proceeded to evaluate it, noting that it was internally inconsistent in that the GAF finding of 65 was suggestive of only mild symptoms.[2] The inconsistency identified by the ALJ and supported by the record constitutes good cause for discounting the opinion. *Gilabert v. Commissioner of Social Sec.,* 396 Fed.Appx. 652, 655 (11th Cir. 2010) ( determining substantial evidence supported the ALJ's decision to discount the opinion of a treating provider where it was "undisputed that the GAF scores Thebaud assigned to Gilabert indicated only moderate difficulty in functioning and were therefore inconsistent with the severe limitations that Thebaud outlined in his RFC assessment.").

To the extent Plaintiff contends that the ALJ did not adequately evaluate the opinion of the treating psychiatrist as a whole, a review of the decision shows that the ALJ fully considered the treatment records and opinions of the psychiatrist and the claimant's mental condition. The ALJ noted: Plaintiff's limited and conservative psychiatric treatment, which consisted mostly of fifteen-minute medicine check appointments, as infrequently as every six months;  treatment records indicated that Plaintiff was doing well on his medications and was able to take care of his own needs; a psychiatric examination that stated the claimant does not fit the diagnostic criteria for bipolar disorder and has never been diagnosed with bipolar disorder; and the claimant's report at the psychiatric examination that he has been unable to work due to problems with transportation and that

---

[1] Indeed, the index of the medical record notes the source as "MD's Name Not Legible." (R. 28, 463). The lack of clarity regarding the provenance of the document likely arises from the fact that the exhibit was tendered at the hearing, and not through the usual course of obtaining records directly from the physician. *See* R. 52, 53 (Note that the ALJ stated at hearing that she had an office note from the same day, "but the MSS was not included.").

[2] At the hearing, the ALJ remarked that the limitations on the form were not clear, noting that: "marked is not defined on the document. And the document does say that he has a GAP [sic] score of 65. So its not clear what marked meant. If all of these things were truly precluded, there's no way that he would have a GAP anywhere near 65 . . . " (R. 76-77).

he can convince anybody of anything (R. 21). Based on this, the ALJ found that the medical evidence did not support the severity of the alleged symptoms and limitations claimed. *Id.* This finding is supported by the substantial evidence noted. *See, e.g.,* Plaintiff's testimony: "I go every six months for a med check, that's all I go. That's the only time I go, it's for 15 minutes every six months, and he writes me a prescription for another six months." (R. 67); treatment records noting good response and improvement (R. 69, 454-456); and a consultative examination, noting unremarkable mental status exam and no diagnostic support for bipolar disorder (R. 270-271).

Plaintiff submitted three exhibits to the Appeals Council, all dated well after the ALJ's decision (R. 4, 467-73). To the extent Plaintiff appears to contend that these exhibits warrant reversal, the Court is unpersuaded. As noted by the Commissioner, in his brief, Plaintiff does not challenge the decision of the Appeals Council not to grant review. As the Eleventh Circuit has noted: "[W]hen a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1266 (11th Cir. 2007). Even if the Court were to consider the evidence, however, it would not change the result. As the appellate court has recently explained:

> A social security claimant generally is permitted to present new evidence at each stage of the administrative process. See 20 C.F.R. §§ 404.900(b), 416.1470(b); *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. §§ 404.967, 416.1467. However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of [the ALJ] hearing decision" and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b).

*Timmons v. Commissioner of Social Sec.*, 522 Fed.Appx. 897, 902 (11th Cir. 2013). Here, there is no showing that the letters are material and relate to the period at issue.

The first letter is dated November 7, 2011, and states that Plaintiff "needs to refrain from work for the *next* six months due to his medical condition." (R. 468-emphasis provided). The second letter,

dated April 24, 2012, provides the same (R. 470). The final letter is a statement on the form used by the Department of Revenue for child support enforcement purposes (R. 472). Dated May 16, 2012, it provides, in pertinent part, that Plaintiff is "currently" not able to work and is "totally and permanently disabled." *Id.* As is clear, these letters do not purport to address Plaintiff's condition on or before February 2011 (the date of the ALJ's decision) and are not controlling evidence, in any event, as "[t]he task of determining a claimant's ability to work is within the province of the ALJ, not a doctor . . ." *Cooper v. Astrue,* 373 Fed.Appx. 961, 962 (11th Cir. 2010); *see also Green v. Social Sec. Admin.,* 223 Fed.Appx. 915, 923 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545."). [3]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

---

[3] A medical source opinion that an individual is "disabled" or "unable to work," has an impairment(s) that meets or is equivalent in severity to the requirements of a listing, has a particular RFC, or that concerns the application of vocational factors, is an opinion on an issue reserved to the Commissioner. Every such opinion must still be considered in adjudicating a disability claim; however, the adjudicator will not give any special significance to the opinion because of its source. See SSR 96–5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner."
SSR 96–8p, footnote 8.

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record